IN THE UNITED STATES DISTRICT COURT
FOR TENNESSEE MIDDLE DISTRICT
NORTHEASTERN DIVISION

| | |
|---|---|
| RODNEY DUNN, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | Civil No. _____ |
| ) | |
| JERRY SPIVEY; THE TENNESSEE ) | JURY DEMAND |
| TECHNOLOGY CENTER AT HARTSVILLE- ) | |
| TRI COUNTY EXTENSION CAMPUS; ) | |
| BILLY BRANSFORD, DAVID CROWDER, ) | |
| VERNON BIGGS, JEFF HUGHES, ) | |
| BILLY WEST, PHILLIP SNOW, JERRY RAY, ) | |
| SCOTT GAMMONS, LARRY TUCKER, ) | |
| MIKE EAST, RALPH DOSS, TONY BOLES, ) | |
| ANNETTE LEOPER, PHILLIP RAY ) | |
| SPEARS, JR., HELEN HESSON, ) | |
| PHILLIP SPEARS, ROBERT GRANT MALO, ) | |
| BENTON BARTLEY, ROSETTA DAY DRIVER, ) | |
| each in his/her official capacity as a member ) | |
| of the Macon County Board of Commissioners; ) | |
| JOEY DENSON, PAT FORKUM, JACK ) | |
| SMITH, BRUCE HAWKINS, JAMES EVINS, ) | |
| KIMBERLY YOUNG, SCOTT B. ALLEN, ) | |
| KENNETH CRAIGHEAD, WILLARD ) | |
| MAYBERRY, DANNY DAVIS, TERRY ) | |
| MAYBERRY, MICHAEL LOFTIS, RICHARD ) | |
| HEAD, CHARLES HOPKINS, JEFF ) | |
| SMALLWOOD, JOHN CASON, BILLY MYERS, ) | |
| JOHNNY PIPPIN and WAYNE WILEY, ) | |
| each in his/her official capacity as a member of ) | |
| the Jackson County Board of Commissioners; ) | |
| CHARLES MANNING, Chancellor of the ) | |
| Tennessee Board of Regents and THE ) | |
| TENNESSEE BOARD OF REGENTS, ) | |
|    *Defendants*. ) | |

**COMPLAINT**

## I. INTRODUCTION

1. This is a cause of action brought pursuant to 42 USC§ 1983 for deprivation of property rights without due process of law and/or wrongful discharge from employment. Acting under the color of law, Defendants in their official capacity discharged Rodney Dunn from his position as a tenured teacher at the public Tri-County Vocational School in violation of applicable statutes and rules governing teacher tenure. In addition, or in the alternative, Plaintiff Dunn was discharged in violation of Federal and State statutes prohibiting discrimination based on age.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction of the Federal questions pursuant to 28 USC§ 1331 and supplemental jurisdiction of the state law claims pursuant to 28 USC§ 1367. Venue is proper in that the Plaintiff and a majority of Defendants live and/or do business in this District and the actions and omissions complained of occurred in this District.

## III. PARTIES

3. Plaintiff Rodney Dunn is a citizen and resident of Macon County, Tennessee. His date of birth is September 11, 1951.

4. Defendant Jerry Spivey is and was at all relevant times the Director of the Tri-County Vocational School (the "School")(since renamed the Tennessee Technology Center at Hartsville-Tri-County Extension Campus).

5. The School is and was at the time Plaintiff was hired, a public school jointly owned and operated by Jackson and Macon Counties and jointly governed by the Boards of Commissioners of Jackson and Macon Counties.

6. Defendants Billy Bransford, David Crowder, Vernon Biggs, Jeff Hughes, Billy West, Phillip Snow, Jerry Ray, Scott Gammons, Larry Tucker, Mike East, Ralph Doss, Tony Boles,

Annette Leoper, Phillip Ray Spears, Jr., Helen Hesson, Phillip Spears, Robert Grant Malo, Benton Bartley, and Rosetta Day Driver are members of the Macon County Board of Commissioners and are sued in their official capacity. The Macon County Board of Commissioners, jointly with the Jackson County Board of Commissioners owned and operated the Tri-County Vocational School.

7. Defendants Joey Denson, Pat Forkum, Jack Smith, Bruce Hawkins, James Evins, Kimberly Young, Scott B. Allen, Kenneth Craighead, Willard Mayberry, Danny Davis, Terry Maberry, Michael Loftis, Richard Head, Charles Hopkins, Jeff Smallwood, John Cason, Billy Myers, Johnny Pippin and Wayne Wiley are members of the Jackson County Board of Commissioners and are sued in their official capacity. The Jackson County Board of Commissioners, jointly with the Macon County Board of Commissioners owned and operated the Tri-County Vocational School.

8. Charles W. Manning is the Chancellor of the Tennessee Board of Regents, and is sued in his official capacity.

9. Defendant the Tennessee Board of Regents is the State Agency charged with responsibility for the operation of the State University and Community College System of Tennessee, (the "TBR"). The TBR currently owns and operates the Tennessee Technology Center at Hartsville—Tri-County Extension Campus in Red Boiling Springs, Tennessee formerly known as the Tri-County Vocational School where Plaintiff was employed as a tenured teacher.

3

IV.     FACTUAL BACKGROUND

10. Plaintiff Rodney Dunn is an educator who received his Apprentice Occupational Education license in February, 2001 with an endorsement for automotive electrical. He received his Professional Occupational License in September, 2007.

11. In January of 2001, Plaintiff was hired to be a teacher in automobile mechanics at the Tri-County Vocational School in Red Boiling Springs, Tennessee.

12. In or around each May of 2003, 2004, 2005, 2006, and 2007, Plaintiff was notified of his rehire at the School for the upcoming corresponding school year.

13. At all times relevant herein the defendant members of the Macon and Jackson Counties' Boards of Commissioners knew or should have known of the decisions to hire and rehire Plaintiff from 2001 through the school year beginning in the Fall of 2008.

14. During each of the school years between Fall of 2002 and Spring of 2008, Plaintiff actually taught automobile mechanics at the School.

15. TCA 49-5-501, et seq. governs teacher tenure and applies to the School. Pursuant to the provisions of TCA 49-5-503(2), Plaintiff was a permanently tenured teacher upon his rehire at the School in or around May of 2005 and on information and belief was approved for tenure by the Defendant members of the Boards of Commissioners of Macon and Jackson Counties. Thus, Defendant Spivey and Defendant members of the Boards of Commissioners of Macon and Jackson Counties had actual or constructive knowledge that Plaintiff was a tenured teacher and that he was entitled to all the rights and privileges granted to tenured teachers pursuant to Tennessee law.

16. In each of the years Plaintiff taught auto mechanics at the School, the auto mechanics program began each school year filled to capacity.

17. In or around May of 2008 Plaintiff was orally informed by the School Director, Defendant Jerry Spivey, acting under color of state law, that the School was going to discontinue the auto mechanics class offerings and, that Plaintiff would be discharged.

18. At no time was Plaintiff provided written notice of dismissal as required by TCA 49-5-511(b)(2) nor was Plaintiff placed on a preferred list for rehire pursuant to TCA 49-5-511(b)(3), nor was he provided any opportunity for a hearing prior to his discharge.

19. Defendants Spivey and members of the Boards of Commissioners for Macon and Jackson Counties had actual or constructive knowledge that Plaintiff was entitled to the protections of Tennessee's teacher tenure laws, but acting under the color of law, they failed to comply with the requirements of the Tennessee teacher tenure laws.

20. During the Spring and Summer of 2008, the TBR began the process of converting the School to a dual-enrollment facility operating as an extension campus of Tennessee Technology Center at Hartsville. The TBR changed the name of the School to the Tennessee Technology Center at Hartsville—Tri-County Extension Campus.

21. At all times relevant herein the members of the TBR knew or should have known that the School was subject to Tennessee's teacher tenure laws and that Plaintiff and other teachers at the School were tenured teachers.

22. Despite such actual or constructive knowledge, Defendant TBR acting under color of state law, failed to follow the strictures of Tennessee's teacher tenure laws regarding the Plaintiff and failed to comply with those laws as to the Plaintiff.

5

23. At no time during this conversion process, or at any time since, did the TBR provide Plaintiff written notice of dismissal, place Plaintiff on a preferred list for rehire, or provide Plaintiff an opportunity for a hearing.

24. In or around August 2008, the School re-opened a program in machine shop which had been closed approximately two years prior due to lack of participation.

25. The School hired a non-tenured teacher who, on information and belief is fifteen to twenty years younger than Plaintiff, to teach the recently reinstated class in machine shop.

26. The non-tenured teacher hired to teach machine shop had been working at the School on an interim or substitute basis teaching heating and air conditioning despite the lack of an endorsement for such teaching on his license.

27. The real purpose of discontinuing the auto mechanics class and discharging the Plaintiff was to provide an opening for the younger non-tenured teacher described above in violation of the Federal Age Discrimination in Employment Act, 29 USC§ 621 et seq. and amendments thereto, and/or the Tennessee Human Rights Act. TCA 4-21-101 et seq.

28. Plaintiff has exhausted his administrative remedies by properly filing his claims of discrimination based on age with the U.S. Equal Employment Opportunity Commission, which issued Plaintiff a Notice of Suit Rights dated December 10, 2008.

29. As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment in violation of Tennessee's teacher tenure laws and/or Federal and State statutes prohibiting discrimination on the basis of age, Plaintiff has lost his employment including all emoluments thereof, has been unable to procure alternative or replacement employment, has been embarrassed and humiliated and suffered other emotional injuries. Plaintiff will continue to suffer such injuries and losses in the future.

WHEREFORE, Plaintiff prays:

1. For a jury to try this matter;

2. For back pay and/or compensatory damages in an amount sufficient to make the Plaintiff whole;

3. For reinstatement, or in the alternative, for front pay;

4. For any or all relief provided for in TCA 49-5-101 et seq.;

5. For appropriate injunctive relief requiring the Defendants to comply with the provisions of state law regarding tenured teachers and prohibiting violation of the same in the future; and

6. For all costs including discretionary costs and to the extent allowed by law, for reasonable attorney's fees.

Dated: January 16, 2009

Respectfully submitted,

_____
Douglas S. Johnston, Jr. #5782
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, Tennessee 37201
615-244-2202

*Attorney for Plaintiff*