UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| RODNEY DUNN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-0007 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| JERRY SPIVEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is a Motion to Dismiss (Docket No. 21) filed by defendants Jerry Spivey, Charles Manning, the Tennessee Technological Center at Hartsville-Tri County Extension ("TTC"), and the Tennessee Board of Regents ("TBR") who are four of the more than forty defendants in this case. For the reasons discussed herein, this motion will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rodney Dunn is a fifty-seven-year-old resident of Macon County, Tennessee.[1] Plaintiff Dunn is an educator who received his Apprentice Occupational Education license in February 2001, "with an endorsement for automotive electrical." Dunn also received his Professional Occupational License in September 2007. Defendant TTC is a public vocational school located in Red Boiling Springs, Tennessee. At all relevant times, defendant Spivey has been the director of TTC. Defendant TBR is a state agency charged with the responsibility for

---

[1]Unless otherwise noted, the facts are drawn from the Complaint (Docket No. 1).

1

the operation of the state university and college system in Tennessee, (excepting the University of Tennessee campuses), and TBR currently owns TTC. Defendant Manning is the Chancellor of the TBR.

In January 2001, Dunn was hired to be a teacher of automobile mechanics at TTC, which, at that time, was known as Tri-County Vocational School. In or around May of 2003, 2004, 2005, 2006, and 2007, Dunn was notified by the school that he was being rehired for the upcoming corresponding school year. During each of the school years between the Fall of 2002 and the Spring of 2008, the plaintiff taught automobile mechanics at the school, and, each year, the auto mechanics program began the school year filled to capacity. The plaintiff claims that, under Tennessee law, he became a permanently tenured teacher upon his May 2005 rehire by the school – a status which, he claims, provides him additional rights and privileges under Tennessee law.

In or around May 2008, defendant Spivey orally advised the plaintiff that the school was going to discontinue offering the auto mechanics class, and, therefore, the plaintiff would be discharged. At no time was the plaintiff provided with written notice of his dismissal or an opportunity for a hearing, and at no time was the plaintiff placed on a "preferred list" for rehire. The plaintiff claims that, under Tennessee tenureship law, all of these steps should have been taken by one or more of the defendants.

In August 2008, shortly after TBR changed the name of the school from Tri-County Vocational School to TTC, the school re-opened a program in "machine shop," which had been closed for approximately two years, due to lack of participation. TTC hired a non-tenured teacher, who is fifteen to twenty years younger than the plaintiff, to teach the recently reinstated

2

machine shop class. The non-tenured teacher had been working at TTC on an interim or substitute basis, teaching a class in heating and air conditioning. The plaintiff alleges that "the real purpose" for the defendants' termination of the plaintiff's class was "to provide an opening for the younger non-tenured teacher" who was subsequently hired.

On January 16, 2009, the plaintiff filed his Complaint. Along with Spivey, Manning, TTC, and TBR, the plaintiff named each individual on both the Macon and Jackson County Boards of Commissioners as a defendant, because, apparently, these individuals also have an ownership and operating role *vis a vis* the school. The plaintiff sued all defendants in their official capacities, asserting that these individuals, acting under color of state law, had denied him property without due process (Section 1983 claim) and that they had discriminated against him on the basis of his age, in violation of federal and state law. While, in his Complaint, the plaintiff repeatedly alleges violations of Tennessee tenureship law, in subsequent briefing, the plaintiff clarified that the Complaint "cites state tenure law as a basis for the property right on which plaintiff's Section 1983 claims rely." (Docket No. 26 at 2.) The plaintiff seeks back pay and/or compensatory damages, reinstatement or front pay, any relief provided by Tennessee tenureship law, "injunctive relief requiring the defendants to comply with the provisions of state law regarding tenured teachers and prohibiting violation of the same in the future," and attorney's fees and costs.

On April 6, 2009, defendants Spivey, Manning, TBR and TTC jointly moved to dismiss all claims against them, arguing primarily that they are immune from suit under the Eleventh Amendment and related principles of sovereign immunity.

3

**ANALYSIS**

The plaintiff claims that defendants Spivey, Manning, TTC, and TBR (along with the individual members of the Boards of Commissioners of both Macon and Jackson counties) violated his rights under 42 U.S.C. § 1983, the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621 *et seq.*, and the Tennessee Human Rights Act (THRA) T.C.A. § 4-21-101 *et seq*. Defendants Spivey, Manning, TTC, and TBR have jointly moved to dismiss all of these claims under Fed. R. Civ. 12(b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity. Additionally, these defendants seek to dismiss the plaintiff's ADEA claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.    Motion to Dismiss - Rule 12(b)(1) (Sovereign Immunity)**

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of jurisdiction over the subject matter. The "first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Douglas v. E.G. Baldwin & Assoc., Inc*, 150 F.3d 604, 606-07 (6th Cir. 1998). When challenging a court's subject matter jurisdiction under Rule 12(b)(1), a defendant may either facially attack the plaintiff's complaint by testing the sufficiency of the pleading itself, or the defendant may "factually attack" the complaint, that is, argue that the existence or non-existence of certain facts deprives the court of subject matter jurisdiction. *See Smith v. Northwest Airlines, Inc.*, 141 F. Supp. 2d 936, 939-40 (W.D. Tenn. 2001).

An assertion of Eleventh Amendment sovereign immunity, as has been made by the

4

defendants here, constitutes a factual attack. *See Giorgadze v. Tennessee Technology Center*, 2007 WL 2327034, *2 (E.D. Tenn. Aug. 10, 2007). In "considering a factual attack upon the court's jurisdiction, no presumption of truth applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case." *Id.* (citing *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). The entity asserting sovereign immunity has the burden of establishing the applicability of the doctrine. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002). As their circumstances are slightly different, the court will consider the arguments of the institutional defendants (TBR and TTC) separately from the arguments of the individual defendants (Manning and Spivey).

    **A.    TBR and TTC**

The defendants argue that all claims, that is, the Section 1983, ADEA, and THRA claims, should be dismissed against TBR and TTC because TBR and TTC are immune from suit in this court under Eleventh Amendment sovereign immunity doctrine.

The Eleventh Amendment forbids citizens from suing states in federal court, subject to two major exceptions. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). A state agency, including a state educational institution, is as protected by the state's sovereign immunity as the state itself. *See Cox v. Shelby State Comm. College*, 48 Fed. Appx. 500, 504 (6th Cir. 2002).

Those exceptions are: (1) where Congress has properly abrogated the states' immunity

5

and (2) where a state has explicitly consented to suit in federal court.[2]  *Latham v. Office of Atty. Gen. of Ohio*, 395 F.3d. 261, 270 (6th Cir. 2005).

In his response brief, the plaintiff does not challenge that both TBR and TTC should be dismissed from this case on sovereign immunity grounds.  Indeed, TBR has been recognized on multiple occasions as a state agency covered by the state's grant of sovereign immunity.  *See e.g. Giorgadze*, 2007 WL 2327034, at *4.  Likewise, TTC, along with other members of Tennessee's state university and college system, is also covered by that grant.  *Id.*

Further, neither exception applies.  Congress has not abrogated the state's immunity under either federal statute at issue.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989) (Section 1983); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) (ADEA).  Also, the State of Tennessee, by statute, has expressly preserved its sovereign immunity, and there is no indication that the state has consented to being sued under any of these statutes in federal court.  *See* T.C.A. § 20-13-102; *Dismukes v. Commissioner, Tenn. Dept. of Children's Servs.*, 2006 WL 1102584, *7 (M.D. Tenn. April 25, 2006).  Therefore, as the plaintiff essentially concedes, TBR and TTC must be dismissed from this case, and the court will grant the motion to dismiss as to TBR and TTC.

### B. Manning and Spivey

---

[2] Additionally, under the *Ex parte Young* doctrine, a plaintiff may file suit against otherwise immune state officials for prospective equitable relief to redress ongoing violations of federal law.  *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008).  This exception applies only to individual state officials and will be examined herein in conjunction with individual defendants Manning and Spivey.  *See Crist v. Tenn. Dept. of Children's Servs.*, 2006 WL 572018, *3 (E.D. Tenn. March 8, 2006) ("neither a state nor its agencies may be sued in federal court for prospective relief" citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)).

6

In general, the Eleventh Amendment immunizes state officials from suit to the same extent as the state and state agencies. *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003). Therefore, absent an exception, defendants Manning and Spivey would be entitled to dismissal from this case just as TBR and TTC are. However, the *Ex Parte Young* doctrine, noted above, provides an important exception to this general rule.

The *Ex Parte Young* doctrine states that a court should allow the plaintiff's claims to proceed against state officials if, after a "straightforward" examination of the Complaint allegations, the court determines that the Complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (quoting *Verizon Maryland, Inc. v. Pub. Serv. Commission of Maryland*, 535 U.S. 635, 645 (2002)). Generally, injunctive and declaratory relief are considered "prospective" and proper relief in an *Ex Parte Young* suit, while money judgments are considered "retrospective" relief and improper relief in such a suit. *Id.* An inquiry into the merits of the complaint allegations is not appropriate during this "straightforward" examination. *Verizon Maryland*, 535 U.S. at 646.

An examination of the plaintiff's Complaint shows that the plaintiff is alleging three causes of action, a Section 1983 claim, an ADEA claim, and a THRA claim.[3] (Docket No. 1.) Obviously, the THRA is not a federal law and, therefore cannot be the basis of an *Ex Parte Young* suit against these state officials. *See Dismukes*, 2006 WL 1102584, at *7. Therefore, the

---

[3] As discussed above, in the Complaint, the plaintiff repeatedly cites Tennessee tenureship law and seeks "any" relief appropriate under that law, but then, in his response to the defendants' Motion to Dismiss, the plaintiff strongly implies that he is not actually pursuing a claim under that law. (Docket No. 26 at 2.) To the extent that he was, those claims would be barred by Eleventh Amendment sovereign immunity doctrine as to TTC and TBR for all of the reasons addressed above and as to Manning and Spivey as well, because, regardless of the relief sought, the claims would not allege an ongoing violation of *federal* law.

7

plaintiff's THRA claim will be dismissed against Manning and Spivey, just as it will be against TBR and TTC. Section 1983 and the ADEA are, of course, federal laws, and they are a proper ground for an *Ex Parte Young* suit against these state officials. *See e.g. Pedrick v. Indiana Univ.*, 510 F.3d 681, 695 (7th Cir. 2007); *Baba-Singhri v. Central State Univ.*, 2008 WL 656497, *5 (S.D. Ohio March 10, 2008).

The plaintiff alleges two main violations of his rights. First, that he was denied due process when he was fired from his job at TTC without (1) a written notice of dismissal, (2) being placed on a preferred list for rehire, or (3) an opportunity for a hearing. (Docket No. 1 at. 5.) Second, he alleges that he was discriminated against based on his age, in violation of the ADEA, because he was fired to make room for a younger individual. (*Id.* at 6.) The plaintiff seeks, among other things, reinstatement to his position. (*Id.* at 7.)

While it is debatable whether, in a strict sense, there is an "ongoing" violation of federal law alleged here, courts have repeatedly held that, where the plaintiff (who was formerly associated with the state entity) asserts a violation of federal law against a state official in conjunction with his disassociation from the state entity and also seeks reinstatement, the *Ex Parte Young* doctrine precludes dismissal of the state official from the suit, largely because reinstatement is "prospective" relief. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002); *Cox*, 48 Fed. Appx. at 504; *Nelson v. University of Texas at Dallas*, 535 F.3d 318, 321-24 (5th Cir. 2008) (recognizing the "ongoing violation" issue, finding *Ex Parte Young* suit proper when reinstatement is sought and collecting similar cases).

Because the plaintiff seeks reinstatement based on an "ongoing" violation of federal law (Section 1983 and the ADEA), Manning and Spivey are not entitled to dismissal from this case

8

on the grounds of sovereign immunity.[4] The court turns to these remaining defendants' Rule 12(b)(6) motion.

**II.     Motion to Dismiss - Rule 12(b)(6)**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534

---

[4] In his Complaint, the plaintiff seeks additional relief, some of which is plainly not recoverable against Manning and Spivey, because the relief is not prospective. Indeed, the plaintiff seeks "back pay and/or compensatory damages in an amount sufficient to make the plaintiff whole," and "front pay," both of which have been determined to be impermissible forms of relief in an *Ex Parte Young* suit against state officers. *Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1179 (6th Cir. 1987). Also, the plaintiff seeks "any and all relief provided for in TCA 49-5-101 [Tennessee tenureship law]; ... [and] appropriate injunctive relief requiring the defendants to comply with the provisions of state law regarding tenured teachers and prohibiting violation of the same in the future." (Docket No. 1 at 7.) It is possible that future injunctive relief to redress ongoing violations of federal law could, indirectly, necessitate compliance with state law. As this case is moving forward against Manning and Spivey regardless, it is not necessary, at this stage, to determine the precise nature of this relief *vis a vis* the *Ex Parte Young* doctrine. The court simply instructs that the plaintiff's relief against Manning and Spivey is limited to prospective relief to redress ongoing violations of federal, not state, law. Finally, the plaintiff seeks "all costs including discretionary costs and to the extent allowed by law, [] reasonable attorney's fees." (*Id.*) To the extent otherwise recoverable attorney's fees are "ancillary to [any] prospective relief obtained," such fees are recoverable in an *Ex Parte Young* suit. *Uttilla v. Tenn. Highway Dept.*, 2000 WL 245476, *2 (6th Cir. Feb. 23, 2000).

U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965; *see also Swierkiewicz,* 534 U.S. at 508

10

n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

Under this standard, the defendants argue that the plaintiff has failed to state a valid claim under the ADEA. (Docket No. 22 at 9.) As discussed above, the basis for the plaintiff's ADEA claim is that, after he was terminated, the defendants hired an individual 15-20 years younger than the plaintiff to teach the machine shop class. (Docket No. 1 at 6.) The plaintiff contends that the defendants, fueled by discriminatory animus, intended for this individual to replace the plaintiff (even though he taught a different class). (*Id.*) Therefore, the allegation is essentially that the defendants fired the plaintiff and hired his replacement with the intent to make the school's faculty younger.

The defendants correctly point out that, to establish a *prima facie* case of age discrimination, the plaintiff must show that (1) he is at least forty years old; (2) he was subject to an adverse employment decision; (3) he was qualified for the position; and (4) he was replaced by a significantly younger person. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003). The defendants contend that, in the Complaint, the plaintiff fails to allege two of the four required elements of the *prima facie* test, because the plaintiff, allegedly, does not indicate that he was "qualified" to teach the machine shop class or that he was "replaced" by this younger individual. (Docket No. 22 at 9.)

The defendants' argument is unavailing. On the qualification issue, the plaintiff has alleged that he holds a general Professional Occupational License and an Apprentice

11

Occupational Education license with an electrical endorsement, and that he has several years of experience teaching an auto mechanics class. Construing these facts in the light most favorable to the plaintiff, they indicate that the plaintiff would be qualified to teach a broad range of vocational subjects, including machine shop. (Docket No. 1 at 3.) On the replacement issue, the plaintiff has alleged that he was terminated to create an opening for a younger teacher, who took the plaintiff's spot on the faculty, albeit in a slightly different capacity. (Docket No. 1 at 5; Docket No. 26 at 10.) Again, construing these facts in the light most favorable to the plaintiff, they indicate that the plaintiff was replaced by a significantly younger person. Therefore, the defendants' Rule 12(b)(6) motion is without merit and will be denied.

## CONCLUSION

For the reasons discussed herein, the Motion to Dismiss of defendants TBR, TTC, Manning, and Spivey will be granted in part and denied in part.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

12